UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JERRY DREGIN** | **CIVIL ACTION NO. 3:17-cv-1303** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JACKSON PARISH CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Jerry Dregin, incarcerated at the Jackson Parish Correctional Center Phase II and proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 12, 2017. He names Jackson Parish Correctional Center, Andy Brown, Timothy Ducote, Betty Pullin, Lafayette Parish District Attorney, Michael Hoffpauir, and Dyani Jarosz, seeking his release from custody, compensatory damages and a restraining order. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

At the time of the filing of this suit, plaintiff was a pre-trial detainee awaiting trial on a charge of possession of a firearm by a felon. He argued that he was being held in custody without an order of the court because the 15th Judicial District Court relieved him of all bond obligations. He has since pled no contest to a charge of attempt to possess firearm by convicted felon, in violation of La. R.S. 14:27(95.1). [Rec. Doc. 7-1, p. 7] He claims that he is being held illegally and seeks release from prison, and damages for pain and suffering, false imprisonment, loss of income and future damages.

On November 14, 2017, plaintiff filed a request for a restraining order against Jackson Parish Correctional Center and Lasalle Management. [Rec. Doc. 7]

*Law and Analysis*

*1. Initial Review*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Habeas Corpus*

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it appears that in addition to money damages he seeks an immediate release from custody. Thus, to the extent that his complaint may be construed as challenging the legality of his confinement or as

2

seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

### 3. Heck v. Humphrey

Plaintiff contends that he remains confined in violation of Federal law. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

On November 9, 2017, plaintiff pled no contest to a charge of attempt to possess firearm by convicted felon, in violation of La. R.S. 14:27(95.1). [Rec. Doc. 7-1, p. 7] According to plaintiff, he is serving a sentence of "4 years concurrent with the sentence I'm on for parole in Docket 67216 and on Docket 12817 and if parole is revoke (sic) to be run concurrent with the revocation decree..."

[Rec. Doc. 7, pp. 1-2] It is unclear if plaintiff intends to attack the validity of his plea, or the terms of his confinement, or both. However, the instant Section 1983 suit is the improper vehicle in which to contest either.

The grounds supporting plaintiff's confinement have not yet been successfully challenged, and since a finding by this court in his favor with respect to the validity of his plea or the terms of his confinement would necessarily imply the invalidity of both his past and present confinement, *Heck* bars these claims. As such, his claims for damages are frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

### 4. Restraining Order

Finally, plaintiff has filed a Request for a Restraining Order. [Rec. Doc. 7] A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff cannot prevail because he has not demonstrated a substantial threat of irreparable injury, nor has he alleged *any* threatened injury. Per this filing, plaintiff simply summarized the most recent court proceedings related to his criminal matter pending in the 15th Judicial District Court. As

stated above, to the extent that he is challenging the legality of his confinement, is seeking his immediate release from confinement, or challenging his sentence, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). It is recommended that Plaintiff's claims related to his sentence be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").

**IT IS FURTHER RECOMMENDED** that plaintiff's request for a restraining order [Rec. Doc. 7] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall**

**bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 11, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE